IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED FREEMAN, | ) |
|       Plaintiff, | ) Case No. 16-cv-4272 |
| | ) Judge Robert M. Dow, Jr. |
| v. | ) |
| LONG BEACH MORTGAGE COMPANY, JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, successor in interest by purchase from the Federal Deposit Insurance Corporation as receiver of Washington Mutual Bank, and PENNYMAC CORPORATION, | ) |
|       Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Fred Freeman brings this *pro se* action alleging that Defendants Long Beach Mortgage Company, JP Morgan Chase Bank, National Association, and PennyMac Corporation fraudulently obtained ownership of his residential family home in Bolingbrook, Illinois. Currently before the Court is Defendant PennyMac Corporation's motion to dismiss [8]. For the reasons set forth below, the Court grants Defendant PennyMac's motion and dismisses the case for lack of subject matter jurisdiction. The Court will enter final judgment and close the case.

**I.**     **Background**

This case involves the foreclosure of real property located at 272 Berkeley Drive, Bolingbrook, Illinois. [1 (Complaint), at 1.] According to Plaintiff, Defendant Long Beach Mortgage Company originated Plaintiff's mortgage loan on May 11, 2005. [*Id.*] Plaintiff admits that he defaulted on his mortgage loan payments in 2007. [*Id.*, at 3.] In 2011, Defendant JP Morgan Chase filed a foreclosure action against Plaintiff and his wife in the Circuit Court of Will County. [9 (Defendant PennyMac's Opening Brief), at 3; 9, Exhibit A at 38–70; see also 1, at 3.]

Plaintiff answered the complaint and raised an affirmative defense, arguing that he never received a grace period notice. [9, Exhibit A at 71–73.] The Circuit Court dismissed the affirmative defense with prejudice. [9, Exhibit A at 78.] The Circuit Court allowed PennyMac to substitute for JP Morgan Chase as Plaintiff. [9, Exhibit A at 79.] On June 4, 2014, the Circuit Court granted summary judgment for PennyMac and entered a judgment of foreclosure and sale. [9, at 3; Exhibit A at 85–94). On September 11, 2014, the Will County Sheriff sold the property at a public auction, and the Circuit Court confirmed the sale on October 1, 2014. [9, Exhibit A at 104–105.]

On December 5, 2014, Plaintiff petitioned to vacate all Circuit Court orders, alleging lack of standing and again arguing that he never received a grace period notice. [9, Exhibit A at 107–116.] The Circuit Court denied his petition with prejudice on February 25, 2015. [9, Exhibit A at 148.] Plaintiff appealed to the Third District Appellate Court, and the Third District dismissed the appeal for lack of jurisdiction on July 28, 2015. [9, Exhibit B.] Plaintiff then filed a petition to appeal to the Illinois Supreme Court, which was denied on November 25, 2015. [9, Exhibit C.] Plaintiff has also filed a *pro se* complaint to quiet title against Defendant PennyMac in the Circuit Court, arguing that Defendant PennyMac lacked standing in the foreclosure action. [9, Exhibit D.]

In the present action, Plaintiff again challenges Defendant PennyMac's right to foreclose on Plaintiff's mortgage loan, seeking relief under the Truth in Lending Act ("TILA"), the Illinois Uniform Commercial Code ("UCC"), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). Plaintiff alleges that Defendant Long Beach did not notify him of his rescission rights under TILA and did not provide him with the required rescission forms. [1, at ¶ 2.] According to Plaintiff, he mailed Defendant Long Beach notice of his intent to rescind on

May 13, 2005, but Defendant Long Beach did not respond. [*Id.* at ¶ 3–4.] Plaintiff also asserts that "[t]he Adjustable Rate Note was not endorsed in blank nor did it contain special endorsement." [*Id.* at 11.] Plaintiff contends that Defendant Long Beach assigned Plaintiff's note and mortgage to Defendant Washington Mutual Bank and that Defendant JP Morgan purchased the banking operations, assets, investments, and liabilities of Defendant Washington Mutual. [*Id.* at 14–16.] Plaintiff concedes that Defendant JP Morgan is the successor in interest to Defendant Washington Mutual but argues that Defendant JP Morgan lacked standing to initiate the foreclosure action. [*Id.* at 18–20.] Plaintiff asserts that Defendant JP Morgan assigned the note to Defendant PennyMac, who allegedly also lacked standing in the foreclosure action. [*Id.* at 43–44.]

Plaintiff seeks $4,000 for alleged violations of TILA, 15 U.S.C. §§ 1640, 1635(a), 1641; "compensatory damages of over $95,000" for alleged improvements he made to the property; $28,637.28 in actual damages for the monthly mortgage payments he paid to Defendant Long Beach or Defendant JP Morgan between July 1, 2005 and August 2007; and a declaratory judgment that neither Defendant JP Morgan nor Defendant PennyMac are the legal holders of the note. [*Id.* at 30, 31, 33.] Defendant PennyMac moved to dismiss on multiple grounds, including lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

## II. Legal Standard

A Rule 12(b)(1) motion seeks dismissal of an action for lack of subject matter jurisdiction. The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009). The Court may take judicial notice of matters in public record, including court documents, in deciding a motion to dismiss without converting it to a motion for summary judgment. *Henson v. CSC*

*Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). If the Court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action as to all defendants. See Fed. R. Civ. P. 12(h)(3); *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).

**III.     Analysis**

Defendant PennyMac moves to dismiss on multiple grounds. Defendant argues that (1) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine; (2) Plaintiff's claims are barred by res judicata and collateral estoppel; (3) Plaintiff has failed to plead cognizable causes of action under the UCC and ICFA; and (4) Plaintiff's TILA claim is untimely. Since Defendant PennyMac's first argument is dispositive, the Court will refrain from addressing the other arguments for dismissal.

Defendant PennyMac argues that Plaintiff's claims should be dismissed under the *Rooker-Feldman* doctrine because the claims seek improper review of a state court judgment and do not allege an independent injury that could not have been redressed in the state court action. [9, at 4.] Under the *Rooker–Feldman* doctrine, lower federal courts—such as this Court—do not have subject matter jurisdiction over claims seeking review of state court judgments. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983)). The doctrine applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *Id.* The Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment, "no matter how erroneous or unconstitutional the state court judgment may be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

To determine the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996)) (internal quotation marks omitted). If the injury alleged results from the state court judgment itself, the claim is barred by the *Rooker-Feldman* doctrine. *Id.* By contrast, if the alleged injury is distinct from and not inextricably intertwined with the state court judgment, then the doctrine does not apply. *Id.*

In the case at hand, Plaintiff claims that Defendants fraudulently obtained ownership of his property. Plaintiff's main arguments are that Defendant Long Beach did not notify him of his rescission rights, the note was not specially endorsed, and Defendants JP Morgan and PennyMac lacked standing in the foreclosure action. These are all arguments that either were raised or could have been raised in the state court foreclosure action. Plaintiff does not raise any independent claims. Further, Plaintiff's request for a declaratory judgment that neither Defendant JP Morgan nor Defendant PennyMac are the legal holders of the note, coupled with his argument that Defendants JP Morgan and PennyMac lacked standing in the foreclosure action, is essentially a request that this Court reject the state court's judgment. Since Plaintiff's remaining claims are inextricably intertwined with the state court's foreclosure judgment, the *Rooker-Feldman* doctrine bars Plaintiff's federal suit. See *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 533–54 (7th Cir. 2004) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claim that "a fraud was perpetrated on the state court that granted the judgment of foreclosure"); *Riddle v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 598, 600 (7th Cir. 2015) (holding that the *Rooker-Feldman* doctrine applied to plaintiff's claims that defendants "deprived him of due

process and violated state law by foreclosing on his house knowing that service of process was defective" because the federal lawsuit was an attack on the state court judgment); *Green v. Wells Fargo*, 2013 WL 1966567, at *2 (N.D. Ill. May 13, 2013) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claims where, "[s]tated succinctly, after the state court rendered judgment against Plaintiff, she filed this federal suit raising claims inextricably intertwined with that judgment and inviting review and rejection of that judgment").

IV. **Conclusion**

For the foregoing reasons, the Court grants Defendant PennyMac Corporation's motion [8] to dismiss for lack of subject matter jurisdiction. The Court will enter final judgment and close the case.

Date: January 17, 2017

Robert M. Dow, Jr.
United States District Judge